J-S53033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN COIT | : | |
| | : | |
| Appellant | : | No. 2979 EDA 2017 |

Appeal from the PCRA Order August 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001938-2012,
CP-51-CR-0012646-2011

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED AUGUST 28, 2018**

Appellant, Kevin Coit, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.   Preliminarily, counsel has filed a "no-merit" letter/brief and a petition to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988).  Before counsel can withdraw representation under the PCRA, the law requires counsel to satisfy the mandates of **Turner**/**Finley**.  **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> …**Turner/Finley** counsel must review the case zealously.
> **Turner/Finley** counsel must then submit a "no-merit"
> letter to the trial court, or brief on appeal to this Court,
> detailing the nature and extent of counsel's diligent review
> of the case, listing the issues which the petitioner wants to

_____

* Retired Senior Judge assigned to the Superior Court.

have reviewed, explaining why and how those issues lack
merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007).

Withdrawal as counsel in this context also includes certain notice

requirements: Counsel must contemporaneously serve on Appellant copies of

the "no-merit" letter or brief, the petition to withdraw, and a letter with a

statement advising Appellant that he has the immediate right to file a brief in

this Court *pro se* or with new privately-retained counsel within 30 days.

*Commonwealth v. Muzzy*, 141 A.3d 509 (Pa.Super. 2016). If counsel fails

to satisfy the technical prerequisites of *Turner/Finley*, we generally deny

withdrawal and remand for counsel to take the appropriate steps to comply

with the *Turner/Finley* requirements or file an advocate's brief, depending

on the case circumstances. *Id.* To withdraw, counsel must assure this Court

of counsel's compliance with these technical requirements. *Id.*

Instantly, counsel's **petition** to withdraw states he has made a

conscientious examination of the record in this case and determined the

appeal is totally frivolous, because Appellant is "no longer serving a sentence"

(this last statement is completely inaccurate and inconsistent with record as

well as the briefs filed on appeal and must be corrected). In the withdrawal

petition, counsel also states he served the Commonwealth **and** Appellant with

a copy of the *Turner/Finley* Letter Brief and advised Appellant of his rights.

Other than counsel's statement, however, nothing in the Letter Brief, petition

to withdraw, or certified record confirms that counsel contemporaneously

served Appellant with copies of the Letter Brief **and** the petition to withdraw. Instead, the proofs of service attached to counsel's filings indicate service on the Commonwealth only. Further, no copy of the letter showing service to Appellant and advising him of his rights is attached to the withdrawal petition.[1] Thus, counsel's petition to withdraw contains a mistake regarding the case, and it does not comply with the **Turner/Finley** notice requirements.

Accordingly, we deny counsel's petition to withdraw and direct counsel to: (a) file an amended petition to withdraw as counsel in this Court, within **ten** days of the filing date of this decision; (b) send a copy of the Letter Brief and amended withdrawal petition to Appellant with an amended certificate demonstrating proper service of the Letter Brief and amended withdrawal petition on Appellant **and** the Commonwealth; and (c) attach to the amended withdrawal petition a copy of the cover letter sent to Appellant, advising him of his immediate right, *pro se* or with privately retained counsel, to file, within 30 days, a brief on points Appellant deems worthy of review. **See Muzzy, supra**.

Petition to withdraw as counsel denied; case remanded with instructions. Panel jurisdiction is retained.

---

[1] The practice of attaching to the withdrawal petition a copy of counsel's letter to Appellant ensures proper notification and relieves this Court of having to assume counsel's rightful burden. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa.Super. 2005).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/18